QUESTIONS: 1. Are hotels and motels "subject to the regulation of . . . any state agency" within the purview of s. 112.313(2), F. S.? 2. If the answer to question 1 is in the affirmative, does s.112.313(2), F.S., require the filing of a sworn statement to disclose such interest with the Department of State if the involved officer or employee has no supervisory power over such hotels or motels? 3. Is my ownership of 20 percent of the capital stock in the previously mentioned corporation in substantial conflict with the proper discharge of my duties as State Comptroller and head of the Department of Banking and Finance? 4. Does my ownership of the capital stock, as described herein, interfere with the "full and faithful discharge" of my duties as State Comptroller and head of the Department of Banking and Finance, as such language is used in s. 112.316, F.S.?
SUMMARY: A state officer whose official duties are not concerned with the regulation of hotels and motels may own a 20 percent stock interest in a corporation which owns motels without violating the Standards of Conduct Law, s. 112.314(2), F.S.; however, he should file a sworn statement disclosing such interest as required by s. 112.313(2), id. AS TO QUESTION 1: As noted in AGO 072-172, the key ingredient in "regulation" within the meaning of s. 112.313(2) of the Standards of Conduct Law is "control over business operations and does not include `mere collecting of taxes or the issuing of a license to a business by government agencies.'" Accord: Attorney General Opinion SC68-2. The operations of "public lodging establishments" — defined in s.509.241, F.S., to include hotels and motels — are regulated by the state under the supervision of a state agency, the Division of Hotels and Restaurants of the Department of Business Regulation. See ss. 509.201, 509.211, and 509.221, F.S., prescribing regulations concerning the posting and advertising of rates, the safety of guests, and maintenance of sanitary facilities that must be complied with by hotels and motels. If the hotels and motels should hold an alcoholic beverage license, then such hotels and motels are also subject to regulation by the Division of Beverage of the Department of Business Regulation under the state beverage laws. Accordingly, your first question is answered in the affirmative. AS TO QUESTION 2: Section 112.313(2), supra, requires a public officer or employee to file a sworn statement disclosing an interest as an officer, director, agent, or member of, or owner of a controlling interest (10 percent or more) in, "any corporation, firm, partnership, or other business entity which is subject to the regulation of, or which has substantial business commitments from any state agency." (Emphasis supplied.) The purpose of this provision is to require the disclosure of an interest in a business entity that is sufficiently clothed with a public interest as to make it a potential source of conflict between private interests and public duties; it is not concerned with actual conflicts. (See s. 112.314(2), F.S., which absolutely prohibits a public officer or employee from having any personal investments "in any enterprise which will create a substantial conflict between his private interests and the public interest.") Thus, the sworn statement must be filed, even though the officer or employee has no supervisory power over the business entity in question. Accordingly, your second question is answered in the affirmative. AS TO QUESTIONS 3 and 4: I have previously ruled in AGO 073-114 that a state officer may own a controlling interest in a business entity (a motel, owned jointly with his wife) which is regulated by a division of a state agency other than the division which he serves as director. As noted therein, s. 112.316, F.S., expressly provides that the Standards of Conduct Law was not intended to prohibit a public officer or employee from accepting other employment or following any pursuit which does not interfere with the full and faithful discharge of his public duties. And it was said that, in the absence of any relationship whatsoever between the business entity regulated by the state and the public position held by the state officer in question — and assuming that his private business interests did not distract him from the "full and faithful discharge" of his public duties — the statute was not violated by his investment in the motel. (He was, of course, advised to file a sworn statement disclosing such interest.) Accord: Attorney General Opinion 073-215 ruling that, upon his election as a county commissioner, a former member of an engineering firm could retain a controlling stockholder interest in the firm but should abstain from voting upon any matter involving the engineering firm that might come before the commission. These opinions are controlling here. As comptroller, you have nothing whatsoever to do with the supervision of "public lodging establishments." Nor are the governor and the cabinet designated as the "head" of the Department of Business Regulation (which, through its Division of Hotels and Restaurants, supervises the operations of hotels and motels), as is the situation with respect to some of the departments created by the Governmental Reorganization Act, Ch. 20, F.S. Thus, your stock ownership does not create a substantial conflict with your public duties within the purview of s. 112.314(2), supra, nor interfere with the full and faithful discharge of your public duties.